IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY D. TYUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:05-CV-0050-F |
| | ) | |
| HUBBELL POWER SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

After due consideration of supporting and opposing submissions[1], the Magistrate Judge recommends, for reasons now explained, that *Defendant Hubbell Power Systems, Inc.'s Motion to Dismiss or, in the Alternative, for Summary Judgment*, filed February 15, 2005 (Doc. 4) is due to be granted on either asserted ground although not for the cited reasons.

### I. BACKGROUND

In this action filed *pro se* on January 20, 2005, Plaintiff Larry D. Tyus ("Tyus") seeks "retirement and back pay" along with "$2 million for lost pay wages" on these facts asserted for an alleged violation of his civil rights by the Defendant, Hubbell Power Systems ("Hubbell") "on August 5, 2001":

> The right was violated when I was place (sic) on a medical leave of absent (sic) and knowing all the time that they were firing me and never call me back. With the medical leave you don't have to give a reason. Alabama got a right to work law on the book and I want it to work so I can maintain my family.

Tyus makes no jurisdictional averments and cites neither a statutory nor a constitutional basis for

---

[1]Defendant's supporting *Memorandum* (Doc.5, 2/15/05); *Response in Opposition* (Doc. 7, 2/23/05).

his action; in the supporting "Brief, Tyus describes his complaint, however, as one which "falls under the law of discrimination", explaining:

> I feel that it is for personal and political reason that I was fired for medical leave because I brought a claim to this company for abastic ("sic"). . .The Defendant has never given a legal reason for working me twenty nine and a half years and leteting me go with no pay and no retired benefits. It is unfair to let the Defendant off the hook merely because of medical leave. It is no reason for firing a person. . .

Hubbell's dismissal motion construes the complaint as an intended but untimely action under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et seq, which is due to be dismissed under Rule 12(b)6, Federal Rules of Civil Procedure, for failure to state a cognizable claim. The alternative motion for summary judgment dismissal "as a matter of law" because "Plaintiff's Complaint is devoid of factual allegations sufficient to support his FMLA claim.

## II. DISCUSSION

### A. Rule 12(b)(6) Motion

#### 1. Standard of Review

A Rule 12(b)(6) *Motion to Dismiss* challenges the legal sufficiency of a complaint, and should be granted, as a general rule, only when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In assessing the propriety of Rule 12(b)(6) dismissal, the court must accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. See *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).

A defendant moving to dismiss a complaint for failure to state a claim upon which relief may

be granted must sustain "a very high burden". *Jackam v. Hospital Corp. of America Mideast, Ltd.,* 800 F.2d 1577, 1579 (11th Cir.1986);   *accord, Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.* 144 F.3d 732, 735 -736 (11th Cir. 1998)*; Ross v. State of Ala*bama, 15 F.Supp.2d 1173, 1180 (M.D.Ala.1998).  By requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief", Rule 8(a)(2) imposes a "low pleading burden". *In re Southeast Banking Corp.,* 69 F.3d 1539, 1551 (11th Cir.1995).  Consequently, a plaintiff must meet only an "exceedingly low" threshold in order to  survive a Rule 12(b)(6) motion.  *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985); *Faulk v. Home Oil Co., Inc*., 173 F.R.D. 311, 312 (M.D.Ala.1997).  When the plaintiff proceeds without counsel,  the court  is also bound to hold her pleadings to a less stringent standard and to construe them liberally.  *Hughes v. Rowe,* 449 U.S. 5,9 (1980)*;  Leal v. Georgia Dept. of Corrections,*  254 F.3d 1276, 1280 (11th Cir. 2001); *Mederos v. U.S.*, 218 F.3d 1252, 1254 (11th Cir. 2000).

### 2.   *Rule 12(b)(6) Analysis*

The gist of the complaint is that Hubble  effected Tyus' termination wrongfully and knowingly by placing him  on medical leave.  Because  the face of the complaint does not advance any reason  for the medical leave, the court has no basis for adopting Hubble's averment that "[i]n its essence, Plaintiff's Complaint asserts a violation of the FMLA."   Thus, for the Rule 12(b)(6) motion, the court considers only whether the complaint – without regard to any pleadings or matters beyond its scope – otherwise fails to state a claim upon which relief can be granted.[2]

---

[2]Rule 12(b) cautions: "If, on a motion asserting the defense numbered (60 to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable
(continued...)

Absent any pertinent averments, the complaint cannot proceed in this court on the basis of the parties' "diversity of citizenship", and it is similarly void of factual allegations sufficient to state a federal question premised on federal statutory or constitutional grounds. The court simply has no basis for attributing the "medical leave" referenced to any facts which might trigger a viable claim of discrimination grounded on the FMLA or any other anti-discrimination statute. Accordingly, the complaint is due to be dismissed on Rule 12(b)(6) grounds; whether an opportunity for this *pro se* litigant to amend the complaint is a question to be considered after evaluating the alternative dispositive motion.

### B. Summary Judgment Motion

#### 1. *Standard of Review*

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(c). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, identifying those portions of "the pleadings and evidentiary record" which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing the non-moving party has failed to present sufficient evidence to establish an essential element of the non-moving party's claim. *Celotex* at 331.

---

[2](...continued)
opportunity to preent all material made pertinent to such motion by Rule 56.".

In response to a properly supported motion for summary judgment, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits, or as otherwise provided .... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).   The court's role is neither to weigh the evidence nor to find the facts; instead, it is "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250 (1986).  The court must accept the evidence of the non-moving party as true, resolve all doubts against the moving party, construe all evidence in the light most favorable to the non-moving party, and draw all reasonable inferences in the non-moving party's favor. *Hunt v. Cromartie,* 526 U.S. 541, 550-55 (1999); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

  2. ***Rule 56 Analysis***[3]

Hubbell's Rule 56 motion also assumes Tyus' intent to state an FMLA claim and points to "the applicable statute of limitations as well as the absence of facts supporting of a violation of FMLA" as reasons for summary judgment.

By the affidavit of its Human Resources Director, Hubbell establishes these material facts. Hubbell hired Tyus on October 5, 1971 as a full-time hourly employee at its facility in Clanton, Alabama, and fired him on June 29, 2001, pursuant to a published work rule which dictated

---

[3] On the summary judgment motion, the Court considers not only the Defendant's supporting memorandum and exhibits but also Plaintiff's *"Brief to Support...Claim"* (Doc.3), *Response in Opposition* (Doc 7), and *Motion to Clear Papers....*, construed as a supplemental submission ((Doc. 13).

automatic discharge for, *inter alia*, an absence of "three consecutive days without reporting off to the Company prior to the end of scheduled shift on third day." Though he reported on June 22, 2001, with a physician's note excusing his absence until June 25, 2001, he did not report at all during that entire call and called only on June 29, 2001, to advise that he had missed work due to a fire at his work Tyus filed no post-termination grievance pursuant to the company's internal policy and took no further action until he filed this action on January 20, 2005.[4]

Assuming that Tyus intended his action to be construed as authorized medical leave under the FMLA, he did not comply, Hubbell contends in reliance on 29 C.F.R. § 824.280(a)(2), with FMLA's requirement that he "state a qualifying reason for the needed leave." While a "qualifying reason" would encompass a serious health condition that prevents the employee from performing the functions of his position, Tyus reported that his absence arose from a fire at his home.[5] Moreover, to the extent Tyus seeks to assert an FMLA challenge to his June 29, 2001, termination, Hubbell argues that this action is time-barred by the three-year statute of limitations prescribed in 29 U.S.C. § 2617(c)(2).

In opposition, Tyus represents that he "did not discover that his rights had been violated until January 1, 2005, and urges that the work policies referenced by Hubbell's Human Resources Director be rejected in favor of "guidelines on work prior to 6-19-01. In lieu of any documentation for such rules, he proffers this recollection: "[i]f I remember correct there was no work rules but the plant had a policy to call in. And Plaintiff did call in." Tyus does not seek the protection of the

---

[4]Affidavit of Larry Bush, Ex. B.

[5]*Def.'s Mem.Br.*at 6 -7, citing 29 U.S.C. § 2612(a)(1)(d) and *Stoops v. One Call Communications, Inc.*, 141 F.3d 309, 312 (7th Cir. 1998).

FMLA and his opposition submissions provide no factual basis for characterizing his disputed absence from work except that he "was on medical leave."[6] Instead, he argues:

> "The basic reason for terminating plaintiff was that plaintiff file for asbestors (sic) while still on the job. The entire plant was upset about the asbestors claim."[7]

Construed literally and liberally, the allegations by Tyus reveal his intent to challenge through this federal lawsuit his job termination on June 29, 2001, on the ground that Hubbell effected his termination in retaliation for his filing of an asbestos-related claim. Assuming that Hubbell could substantiate his "feeling" with evidence of such retaliatory intent, no federal cause of action would be stated since these facts would not implicate the discrimination targeted by the anti-discrimination statutes. It is axiomatic that a private employer retains discretion to terminate an at-will employer for any reason – good or bad – or no reason at all provided that the reason is unrelated to discrimination on the basis of age, race,.color, sex, religion, or handicap.[8] Consequently, although the record does not support the grant of summary judgment for the reasons outlined by the defendant; the summary judgment submissions do demonstrate no genuine issue of

---

[6]*See Motion to Clear Papers*....at 1 (Doc. 13, Mar. 18, 2005)

[7]*Response in Opposition* (Doc.7) at 2, no. 6; Brief (Doc. 3) at ¶ no.2 ("I Larry Tyus feels that it is for personal and political reason that I was fired for medical leave because I brought a claim to this company for abastic [*sic*]."),

[8]Title VII of the Civil Rights Act of 1964, 42 U.S.C. A. § 2000e, *inter alia*, makes it an "unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." The anti-retaliation provisions of Title VII require the plaintiff to allege that he engaged in statutorily protected activity, suffered an adverse employment action, and there was a causal connection between the employee's action and the harm suffered. *Weeks v Harden Mfg. corp.*, 291 F.3d 1307 (11th Cir. 2002). While Tyus provides no factual context for the asbestos claim which allegedly triggered his termination, the filing of such a claim is not the "statutorily protected activity" contemplated by the statute. *See Little v. United Technologies, Carrier Transicold Div.*, 103 F.3d 956, 959 (11th Cir. 1997).

material disputed fact and Hubbell's entitlement to judgment as a matter of law with respect to its termination of Tyus. [9]

### III.   CONCLUSION

Based on the foregoing rationale, the Magistrate Judge recommends that *Defendant Hubbell Power Systems, Inc.'s Motion to Dismiss or, in the Alternative, for Summary Judgment* be ***GRANTED to the extent that it seeks summary judgment***; that final judgment be entered in favor of the Defendant and against the Plaintiff; and that this action be dismissed with prejudice.

It is further **ORDERED**  that the parties shall file any objections to the said Recommendation not later than May 23, 2005.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former

---

[9] Plaintiff's clearly stated opinion regarding the basis for his termination leaves no doubt that summary judgment is the preferred alternative to providing him an opportunity to amend his complaint.

Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE THIS 3RD DAY OF MAY, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE